DISSENTING OPINION
I respectfully dissent from the majority opinion.
The majority opinion correctly points out that in considering the sentence for a fourth or fifth degree felony, if a trial court finds none of the factors listed in R.C. 2929.13(B)(1) applies, it still may impose a term of imprisonment. Pursuant to R.C.2929.13(B)(2)(b), the trial court must consider the factors set forth in R.C. 2929.12; it may then determine only on that consideration a prison term rather than a community control sanction is consistent with the "purposes and principles" of sentencing. If it does so, it may impose that punishment.
After making this correct analysis, the majority opinion proceeds on page 8 to require the trial court to comply on the record with both R.C. 2929.13(B)(2)(a) and (B)(2)(b) before permitting the sentence to stand. This seems incongruous. Moreover, it denies the trial court the measure of discretion intended to be granted to it by the legislature.
It must be recognized that Subsection (B)(2) purposefully does not cover the entire range of possible findings by the trial court. For example, it does not mandate a consequence should the court find that a prison term is consistent with the purposes and principles of sentencing but the offender also is amenable to an available community control sanction.
This court previously has recognized a class of cases rests in an area in which the legislature consciously chose to permit the trial judge sentencing discretion in the in-between area where neither prison nor community control sanctions are mandated.State v. Banks (Nov. 27, 1997), Cuyahoga App. No. 72121, unreported, quoting Katz and Griffin, Ohio Felony Sentencing Law (1996-1997 Edition) 389, Section 6.13; see also, State v. Davis (Dec. 3, 1998), Cuyahoga App. Nos. 73680-82, unreported; cf., State v. Kawaguchi
(Apr. 6, 2000), Cuyahoga App. No. 75358, unreported. See, also, Statev. Lazenby (Nov. 13, 1998), Union App. No. 14-98-39, unreported.
This court further correctly recognized in Banks, supra, that R.C. 2929.13(B)(2)(b) requires a trial court merely to consider R.C. 2929.12, not to make specific findings. (Emphasis in original, bold type added); cf., State v. Edmonson (1999),86 Ohio St.3d 324.
Its review of the trial court's comments at Banks' sentencing hearing convinced this court that requirement had been met.
The trial court herein indicated it had considered the relevant sentencing factors when it commented about the mitigating circumstances; additionally, it made a finding appellant was not amenable to community control sanctions. Finally, it gave its reasons for imposing the sentence it chose, viz., appellant's behavior during the incident indicated a fundamental disrespect for authority. Thus, the trial court comported with the applicable statutory requirements. Id.; State v. Banks, supra, at 8.
Accordingly, I would overrule appellant's assignment of error and affirm both his conviction and his sentence.